**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Melvin Graham


        v.                                    Civil No. 08-cv-315-PB


New Hampshire Supreme Court, et al.[1]


**REPORT AND RECOMMENDATION**


        Before the Court is Melvin Graham, who has filed a complaint
(document no. 1) alleging that his due process rights have been
violated by the defendants, Justices of the New Hampshire Supreme
Court ("NHSC").  The matter is before me for preliminary review
to determine, among other things, whether this Court has subject
matter jurisdiction over this matter.  See United States District
Court District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28
U.S.C. § 1915A(a).

                        Standard of Review

        Under this Court's local rules, when an incarcerated
plaintiff commences an action pro se and in forma pauperis, the
magistrate judge is directed to conduct a preliminary review.  LR

---

        [1]In addition to naming the New Hampshire Supreme Court
itself as a defendant to this action, Graham names each of the
individual Justices of that Court as defendants.

4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Melvin Graham is an inmate at the Northern New Hampshire Correctional Facility, serving a sentence for four 1995 sexual assault convictions.  Graham claims that these convictions are

invalid due to errors made by his trial and appellate attorneys, as well as the trial court and the NHSC.[2]  Graham states that he has raised a number of challenges to his criminal convictions in the New Hampshire Superior Courts without success.  He has appealed these matters to the NHSC.  The NHSC has either substantively denied him relief, or has declined to accept his appeals.  Graham now alleges that the NHSC, by failing to reverse the errors he alleges were made in his case in the Superior Courts, has deprived him of his due process right to have trial errors corrected.  Specifically, Graham cites N.H. Rev. Stat. Ann. § 490:4, which grants jurisdiction to the NHSC to, among other things, "prevent and correct errors and abuses" in the lower state courts.  Graham further alleges that the NHSC's refusal to correct what he claims are plain errors reflects tacit condonation of a collusion that exists between various state agencies to deny Graham his civil rights.

---

[2]Graham, in his complaint, details a number of errors he alleges were made in his state criminal trial and appellate proceedings.  Because I find that we lack subject matter jurisdiction, regardless of the substance of the errors alleged by Graham, I decline to reiterate the specifics of those claims here.

Discussion

Under the <u>Rooker–Feldman</u> doctrine, which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments," this Court may not exercise jurisdiction over this matter.  <u>Lance v. Dennis</u>, 546 U.S. 459, 463 (2006) (affirming principles established in <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462, 476 (1983) and <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413, 416 (1923)).  The <u>Rooker</u>–<u>Feldman</u> doctrine applies to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment."  <u>Galibois v. Fisher</u>, 174 Fed. Appx. 579, 580 (1st Cir. 2006) (citing <u>Lance v. Dennis</u>, 546 U.S. 459, 466 (2006) and <u>Exxon Mobil Corp. v. Saudi Basic Indus.</u>, 544 U.S. 280, 291 (2005)).  <u>Rooker–Feldman</u> further forecloses federal court jurisdiction over claims that are inextricably intertwined with claims already adjudicated in a state court proceeding.  <u>See</u> <u>Mills v. Harmon Law Offices</u>, 344 F.3d 42, 44 (1st Cir. 2003); <u>Wilson v. Shumway</u>, 264 F.3d 120, 125 (1st Cir. 2001); <u>Sheehan v. Marr</u>, 207 F.3d 35, 39–40 & n.4 (1st Cir. 2000); <u>Wang v. N.H. Bd. of Registration in Med.</u>, 55 F.3d 698, 703 (1st Cir. 1995).  "A

federal claim is inextricably intertwined with the state court
claims if the federal claim succeeds only to the extent that the
state court wrongly decided the issues before it."  <u>Sheehan</u>, 207
F.3d at 40 (internal citations omitted).

Applying the <u>Rooker</u>–<u>Feldman</u> doctrine to this case, I find
that, in spite having couched his claim as a due process
violation actionable under 42 U.S.C. § 1983, Graham asks this
Court to overrule the NHSC by finding that they have egregiously
refused or failed to correct what plaintiff's perceive to have
been errors made during his trial and appeal.  In order to grant
the plaintiff the relief he seeks, this Court would have to
determine that the NHSC incorrectly decided a matter before it
and thereby pass judgment on the NHSC's rulings and decisions as
though this Court were an appropriate appellate venue for cases
lost in the NHSC, which it is not.  Additionally, to the extent
that Graham's constitutional claim has not been specifically
litigated in the state courts, I find, given the facts asserted
in the complaint, and the relief Graham seeks, that this issue is
inextricably intertwined with those presented to the NHSC.
Accordingly, <u>Rooker</u>–<u>Feldman</u> applies, and deprives this Court of
jurisdiction over this action.

## Conclusion

For the foregoing reasons, I recommend that this matter be dismissed.  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13–14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:      January 30, 2009

cc:      Melvin Graham, pro se